1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

SERGIO LEYVA,

                                    Petitioner,

v.

DIANE BARRIOS, FIELD OFFICE
DIRECTOR U.S. DEPARTMENT OF
HOMELAND SECURITY U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                                    Respondent.

Case Nos.:  15CR3033-JLS
                   20CV0096-JLS

**ORDER DISMISSING
PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET
ASIDE OR CORRECT SENTENCE
and DENYING CERTIFICATE OF
APPEALABILITY**

20
21
22
23
24
25
26
27
28

On January 10, 2020, Petitioner Sergio Leyva filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Because the Petition alleges an invalid conviction, this Court dismissed the Petition under 28 U.S.C. § 2241 as improperly pled and directed that the Petition be filed as a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody.[1]  Having now considered the Petition as so

---

[1]  It is not clear from the Petition what Petitioner's custodial status is.  The Petition indicates that Petitioner was placed in immigration custody on September 9, 2016 and was ordered removed by an

1  construed, the Court concludes that the Petition is time-barred and, therefore, must be

2  dismissed for lack of jurisdiction.

### Background

4      On January 12, 2016, Petitioner Leyva entered a plea agreement and pled guilty to

5  the offense of Transportation of Certain Aliens for Financial Gain in violation of 8 U.S.C.

6  §§ 1324 (a) (1) (A) (ii), (v) (II) and (a) (1) (B) (i).  He was sentenced by this Court on

7  March 11, 2016 to a term of imprisonment of 10 months and 3 years of supervised released.

8  Defendant did not file an appeal, thus his conviction became final 14 days later, on March

9  26, 2016.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing

10  that statute of limitations for § 2255 motion began to run upon the expiration of the time

11  during which the defendant could have sought review by direct appeal).  More than three

12  years later, on January 10, 2020, Petitioner filed the Petition at issue here.

### Discussion

14      Petitioner contends that his conviction should be vacated because he received

15  ineffective assistance of counsel prior to entering his guilty plea.  He indicates that his

16  counsel did not advise him of the immigration consequences of his guilty plea, including

17  his loss of status as a legal permanent resident, the fact that he is barred from seeking

18  immigration relief, or the fact that mandatory deportation would result.

19      Because the Petition was filed more than one year after Petitioner's conviction

20  became final, it is untimely pursuant to 28 U.S.C. § 2255(f)(1).  Petitioner contends that he

21  is entitled to equitable tolling because the basis for his claim for relief, alleged ineffective

22  assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010),[2] was not known until

23  he was placed in immigration removal proceedings on September 9, 2016.  However, even

---

Immigration Judge on March 16, 2018.  Thus, it appears that the Petition may be deficient because Petitioner is not "in custody." However, resolution of this issue is not necessary to the determination of this motion.

[2]      In *Padilla* the Supreme Court recognized that failure to advise a defendant that a plea of guilty would subject the defendant to automatic deportation constitutes ineffective assistance of counsel.

accepting Petitioner's allegations as true, the Petition, filed on January 10, 2020, was still filed more than one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  Petitioner alleges no extraordinary circumstances impeding him from filing a timely petition after he was placed in removal proceedings in 2016.  Therefore, Petitioner is not entitled to equitable tolling.  *See, e.g., United States v. Cazarez-Santos,* 655 Fed.Appx. 543 (9th Cir. 2016) (unpublished) (recognizing that § 2255 statute of limitations began running, at the latest, when the petitioner was served with a notice to appear for immigration removal proceedings and that equitable tolling was not applicable absent a showing of extraordinary circumstances impeding the filing of a timely petition).

## Conclusion

The Court finds that the Petition and the record conclusively demonstrate that Petitioner is entitled to no relief because the Petition was not timely filed under 28 U.S.C. §2255(f).  Accordingly, this Court lacks jurisdiction and Petitioner's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **Hereby Dismissed.**  Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.

IT IS SO ORDERED.

Dated:  January 13, 2023

Hon. Janis L. Sammartino
United States District Judge

15CR3033-JLS
20CV0096-JLS